# In the United States Court of Federal Claims

No. 13-377C
(Filed: August 12, 2013)

| | |
|---|---|
| CYNTHIA A. CASALINA, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

**ORDER GRANTING UNOPPOSED MOTION TO TRANSFER**

The court is in receipt of the government's August 5, 2013 unopposed motion to transfer this case to the United States District Court for the District of New Mexico. Plaintiff Cynthia Casalina, an employee in the Los Alamos, New Mexico Field Office of the National Nuclear Security Administration, a division of the Department of Energy, filed her complaint in this court on June 6, 2013. The complaint alleges that the National Nuclear Security Administration violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., and the Equal Pay Act, 29 U.S.C. § 206(d)(1), by paying Ms. Casalina a lower salary than her male colleague although they are equally qualified, work out of the Los Alamos Field Office, share responsibilities, possess the same expertise and perform substantially the same job duties. The complaint alleges that all "relevant actions took place in New Mexico." Compl. ¶ 4. On June 7, 2013, Ms. Casalina filed a virtually identical complaint in the United States District Court for the District of New Mexico, in which Ms. Casalina indicates that she "does not intend to seek double recovery for the same damages" sought in her complaint in this court. Def.'s Mot., App. at A2.

Pursuant to 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." See Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1303-04 (Fed. Cir. 2008). When an action is transferred, the action "shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in" the transferring court. 28 U.S.C. § 1631. The Federal Circuit has

held that the "propriety" of a transfer depends on the lack of subject matter jurisdiction in the transferring court and the existence of subject matter jurisdiction in the court to which a case is transferred. Jan's Helicopter, 525 F.3d at 1304.

It is well settled that claims alleging discrimination on the basis of sex pursuant to Title VII fall within the exclusive jurisdiction of the federal district courts. Flowers v. United States, 321 F. App'x 928, 934 (Fed. Cir. 2008). This court therefore lacks jurisdiction over Ms. Casalina's Title VII claim. At the time this action was filed in this court, Ms. Casalina's Title VII claim could have been brought in the United States District Court for the District of New Mexico. Indeed, one day after this complaint was filed, Ms. Casalina filed an identical action in that district court. As the motion to transfer is unopposed, neither party would be prejudiced by a transfer. In addition, upon transfer of her Title VII claim to the District Court for the District of New Mexico, 28 U.S.C. § 1500 would bar this court's consideration of her Equal Pay Act claim based on identical facts. See Harbuck v. United States, 378 F.3d 1324, 1327-29 (Fed. Cir. 2004).[1] Moreover, Ms. Casalina has indicated in her complaint filed in the District of New Mexico that she does not seek "double recovery" for her claims filed in this court. The court therefore concludes that transfer would serve the interest of justice.

Accordingly, the court **GRANTS** the government's motion and **TRANSFERS** Ms. Casalina's complaint to the United States District Court for the District of New Mexico.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

[1] As such, the court does not reach the government's argument regarding the application of United States v. Bormes, 133 S. Ct. 12 (2012) to Ms. Casalina's Equal Pay Act claim.